STANLEY, Respondent, v. KANSAS CITY LIFE INSURANCE COMPANY, Appellant.

(186 N. W. 960.)

(File No. 4960.   Opinion filed March 4, 1922.)

1. **Insurance—Life Insurance—Special Dividend Clause For Pro Rata Share On Amount Of Insurance In State, Whether Against Public Policy—Declaration Of Insurance Department That Policy Void, Effect.**

The fact that the insurance department, over a year after issuance of a life insurance policy containing a special dividend clause for payment to insured, or for crediting on policy premiums, an increasing dividend equal to this policy's pro rata share of one dollar per one thousand on whole amount of insurance in force in S. D. on each anniversary on which such

dividends are payable, for twenty years from date of this policy, which dividend shall be this policy's pro rata share of said fund in same proportion that amount of this policy bears to total amount of like dividend policies then in force in this state—declared said special dividend clause contrary to law and void, and ordered same to be discontinued, did not affect or impair the validity of the policy contract. So held, the insurance company alleging no reason why the declaration should render the clause objectionable.

2.   Same—Whether Special Dividend Clause Discriminative Between Policyholders of Same Class—Two Policy Classes, Increasing Dividend, and Ordinary Policy, in Force—No Statute Prohibiting Special Dividend Policy, Ordinary Policy Premiums No Higher, No Depletion of Ordinary Fund, Effect Re Validity.

Nor is such special dividend clause rendered contrary to public policy as discriminating between policyholders of same class, because the number of such policyholders is limited as compared to whole number in the state who are in same class as to age, etc., and who receive no dividends; and, there being no state statute prohibiting such special clause policy, and no evidence in record that any one has been discriminated against as between holders of such increasing dividend policies and the other class, viz., ordinary insurance policy payable on death; and this policy not being inhibited as unlawful by Sec. 892, Code 1919, providing that a contract is not lawful which is contrary to express provision of law, or contrary to policy of express law though not expressly prohibited, or otherwise contrary to good morals—such policy contract is not within condemnation of said statute; it not operating to make premiums or other policies higher, nor to prejudice of other policyholders or funds to their credit; that, so far as shown, such dividend may come from stockholder's dividend or have lessened same, which results are not against public policy.

3.   Same—Burden On Insurer Re Special Dividend Clause, Re Public Policy.

The burden of proof is on insurance company to show facts from which court could, as matter of law, conclude that special dividend clause in question was against public policy, and hence void.

Appeal from Circuit Court, Davison County.    Hon. FRANK B. SMITH, Judge.

Action by Joseph E. Stanley, against the Kansas City Life Insurance Company, a corporation, to recover certain dividends under a life insurance policy issued by defendant to plaintiff. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.    Affirmed.

*Spangler & Wire,* for Appellant.

*Lauritz Miller,* for Respondent.

(1)  To point one of the opinion, Appellant cited: Laws 1909, Ch. 315, Sec. 20.

(2)  To point two, Appellant cited: Smathers v. Bankers Life Ins. Co., 151 N. C. 98, 65 S. E. 746, 18 Ann. Cas. 756 and note; Pres. Ministers' Fund v. Thomas, 126 Wis. 281, 105 N. W. 801; 14 R. C. L. 860-1, Sec. 30.

ANDERSON, J.  This action is brought to recover certain dividends under a life insurance policy issued by defendant and appellant to plaintiff and respondent, December 4, 1907. The policy is designated as an increasing dividend policy providing, so far as material, as follows:

"Upon each anniversary succeeding the date of this policy as long as the same remains in force and the premiums are paid according to the terms thereof, the company will apportion and pay the insured, or credit on the premiums an increasing dividend equal to this policy's pro rata share of one dollar per one thousand dollars on the whole amount of insurance in force in the state of South Dakota on the said anniversaries of this policy as hereinafter stated, which shall have been written or renewed each and every year for a period of twenty years from date hereof and the amount of such increasing dividend shall be this policy's pro rata share of said fund in the same proportion that the amount of this policy bears to the total amount of like dividend policies then in force in said state. Provided that if the insured under this policy shall fail to pay the premium less the dividend, or policy mature by death or otherwise, or a paid-up policy be issued, then or in either event the increasing dividend shall cease and terminate.

"In computing the amount of insurance in force in said state only such insurance shall be included as has been kept in force by payment of premiums thereon for the year ending December 31st immediately preceding the declaring of such dividend.

"The total amount of insurance to be originally issued containing this provision shall not exceed one million dollars and policies surrendered, lapsed, matured by death or otherwise discontinued, shall not be reissued, and thus the number participating will decrease and the increasing fund inure to the benefit of the survivors.

"The increasing dividend herein provided shall in no wise affect the distribution of surplus accumulations mentioned in any other paragraph of this policy."

It is admitted that respondent paid all premiums on the policy from December 4, 1907, to December 4, 1915, inclusive; also that the whole amount of life insurance written by appellant in force in South Dakota between the dates aforesaid, inclusive, is as claimed by respondent.

The court found that the total amount of insurance policies containing an increasing dividend provision issued by appellant and in force between the dates aforesaid, inclusive, is as claimed by respondent.

The court found and concluded as a matter of law that the increasing dividend clause in the policy is valid and enforceable, and that respondent is entitled to judgment in the sum of $544.02, comprising past-due dividends, together with costs in the sum of $42.50, aggregating $586.72.

[1] Appellant predicates error on several findings of the court, but we are of the belief that all are clearly without merit, and we will discuss none of the assignments except the fifth. This assignment attacks the validity of the policy in question on the ground that it is against the policy of the law and void. The first reason advanced that the policy is void is that in the year 1909 the insurance department of this state declared the special dividend clause of the policy contrary to law, void, and ordered the same to be discontinued. This insurance contract was entered into between the parties December 4, 1907. How anything the state insurance department, or even the Legislature, could do in 1909 to impair the validity of this contract is not pointed out. Appellant contents itself with merely making the statement.

[2] Appellant's next contention that the special dividend policy is against the policy of the law and void is that the provision in the policy discriminates between policy holders of the same class; that the number of persons who can hold these policies is limited; that they are but a select few as compared with the whole number of policy holders in the state who are in the same class as to age, health, and expectancy of life; that the larger portion of such policy holders receive no dividends, but are discriminated against in favor of the select few who do receive dividends.

Counsel does not point out any statute in this state in force at the time this policy was issued which in any manner prohibited the issuance of an insurance policy as in this case. Appellant in his brief has cited a list of cases which it insists support its position. We have examined all of these cases, but have been unable to find any of them sustaining appellant.

It appears from the record that appellant issued at least two different kinds of insurance policies; one was what was known as an increasing dividend policy, and the other, as we gather, was the ordinary insurance policy payable on death. We are not able to find any evidence in the record showing that any one had been discriminated against by reason of the way this business was conducted. It is evident that the prospective insurant had a choice as to the kind of policy he preferred. It is reasonable to assume that such choice was voluntarily made, and no one has complained except appellant. Appellant never raised the question during the time respondent paid the premiums, or at any other time, until it was called upon to perform its part of the contract. The law of this state defines what contracts are not lawful. R. C. § 892:

"That is not lawful which is:

"1. Contrary to an express provision of law;

"2. Contrary to the policy of express law, though not expressly prohibited; or,

"3. Otherwise contrary to good morals."

To us it seems clear that the contract before us is not within the condemnation of this statute. This is especially so when we bear in mind that there is no evidence in the case that this provision of the policy made the premiums on other policies higher, or that it in any way jeopardized the rights of other policy holders, or that it tended to weaken the appellant in its financial standing, or that it affected the desirability or safety of other policies issued by it. The evidence fails to disclose that the money making up this dividend fund was taken out of the funds of the company which are held to pay death or disability losses on the policies of the company. So far as shown, such dividend fund may be taken out of the dividends, or this increasing dividend fund may have only lessened the amount paid each year in dividends to stockholders of the company. Such results surely cannot be

deemed against public policy or against the policy of the law. 6 R. C. L. 120.

. [3] The burden was on appellant to prove facts from which the court could, as a matter of law, conclude that the special dividend clause of the policy was against the policy of the law, and hence void. In this we are of the opinion that appellant has failed.

Finding no reversible error in the record, the judgment and order appealed from are affirmed.